RANDY S. GROSSMAN
Acting United States Attorney
AMANDA L. GRIFFITH
Assistant U.S. Attorney
California Bar No. 243854
KATHERINE E. A. MCGRATH
Assistant United States Attorney
California Bar No. 287692
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8970/9054
Email: mandy.griffith@usdoj.gov, katherine.mcgrath@usdoj.gov

Attorneys for the United States of America

FILED JUL 26 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19CR1904-JAH |
|---|---|
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| ELIJAH ALEXANDER VAZQUEZ, | |
| Defendant. | |

IT IS HEREBY AGREED between Plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, Acting United States Attorney, and Amanda L. Griffith and Katherine E. A. McGrath, Assistant United States Attorneys, and Defendant, ELIJAH ALEXANDER VAZQUEZ, with the advice and consent of John Cotsirilos, counsel for Defendant, as follows:

I

**THE PLEA**

A. <u>The Plea</u>

Defendant agrees to plead guilty to Count 1 of the Indictment, charging Defendant with Receipt of Images of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2).

Plea Agreement                                     Def. Initials _____

In exchange, the Government agrees (1) not to prosecute Defendant thereafter on additional charges which may carry higher custodial penalties, and (2) not to seek any other upward adjustments or departures except as provided for in this agreement, unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. Defendant expressly waives all constitutional and statutory defenses to the reinstatement of any charges dismissed pursuant to this agreement.

B. Sentencing Hearing & Remand to Custody

Defendant and his counsel of record agree to go forward on the date and time set for the sentencing hearing and agree not to seek a continuance of the sentencing hearing, unless the United States expressly agrees to a continuance.

C. Forfeiture of Property Used in the Commission of the Offense

Defendant agrees that the provisions of the attached forfeiture addendum shall govern forfeiture in this case.

II

NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Defendant knowingly received visual depictions using a means or facility of interstate commerce including by computer via the Internet;

2. Production of such visual depictions involved the use of a minor engaging in sexually explicit conduct;

3. Such visual depictions were of a minor engaged in sexually explicit conduct;

4. Defendant knew such visual depictions were of sexually explicit conduct; and

5. Defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depictions was a minor.

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. From a date unknown to June 6, 2018, while in the Southern District of California, defendant knowingly received visual depictions of minors engaged in sexually explicit conduct via computer through use of the Internet.

2. Production of such visual depictions involved the use of minors engaging in sexually explicit conduct.

3. Such visual depictions were of minors engaged in sexually explicit conduct and Defendant knew such visual depictions were of sexually explicit conduct.

4. Defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

5. Defendant admits that the use of the Internet is a means and facility of interstate commerce.

6. Defendant admits that the offense involved more than 600 images of child pornography, including images depicting bondage and sadistic and masochistic conduct, and prepubescent minors. Defendant

Plea Agreement 3 Def. Initials ____

also admits that in addition to receiving images of child pornography, he used various software programs in which he distributed images of child pornography.

## III

## **PENALTIES**

Defendant understands that the crime to which Defendant is pleading guilty carries the following penalties:

A. A mandatory minimum term of 5 years in prison and a maximum term of 20 years in prison;

B. A maximum $250,000.00 fine;

C. A mandatory special assessment of $100 per count, under 18 U.S.C. § 3013;

D. If Defendant is not found to be indigent, a mandatory special assessment of $5,000 under 18 U.S.C. § 3014;

E. A term of supervised release of at least 5 years and up to life*;

F. Mandatory restitution under 18 U.S.C. §2259, which may include an order to pay $5,000 in restitution per identified victim, up to $100,000 total, unless specific claims for greater amounts are made by any identified victims in this case;

G. Registration as a sex offender under the Sex Offender Registration and Notification Act**;

H. Civil and criminal forfeiture of property, under 18 U.S.C. §§2253 and 2254; and

I. Possible ineligibility for certain federal benefits.

* Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised

Plea Agreement 4 Def. Initials _____

release, requiring Defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

** Defendant further understands, acknowledges and agrees to the following concerning his sex offender registration: I am required to register and keep my registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current including informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by fine or imprisonment, or both.

IV

**DEFENDANT'S WAIVER OF TRIAL RIGHTS**

Defendant understands that this guilty plea waives the right to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

G. Defendant knowingly and voluntarily waives any rights and defenses Defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty Defendant will not be provided this information, if any, and Defendant also waives the right to this information. Finally, Defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI
## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject Defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

## VII
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government has had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence Defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is not binding on the Court. Likewise,

the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what Defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant nevertheless has no right to withdraw the plea.

# X
## PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly agree to recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2G2.2(a)(1)] | 22 |
| 2. | Distribution [§ 2G2.2(b)(3)(F)] | +2 |
| 3. | Material Involved Pre-Pubescent Minor [§ 2G2.2(b)(2)] | +2 |
| 4. | Depiction of Sadistic Conduct [§2G2.2(b)(4)] | +4 |
| 5. | Pattern of Activity [§2G2.2(b)(5)] | +5 |
| 5. | Use of a Computer [§2G2.2(b)(6)] | +2 |
| 6. | 600 or more images [§2G2.2(b)(7)(D)] | +5 |
| 7. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 8. | Expeditious Resolution/COVID [§ 5K2.0] | -2 |
| | **Adjusted Offense Level** | **37** |

B. ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A.4 above, the Government will not be obligated to recommend any adjustment for Acceptance of Responsibility

if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

   1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

   2. Falsely denies prior criminal conduct or convictions;

   3. Is untruthful with the Government, the Court or probation officer;

   4. Materially breaches this plea agreement in any way; or

   5. Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which Defendant has agreed to forfeit.

   C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

   The parties agree that Defendant may request or recommend additional downward adjustments, departures, including criminal history departures under USSG § 4A1.3, or sentence reductions under 18 U.S.C. § 3553. The Government will oppose any such downward adjustments, departures and sentence reductions not set forth in Section X, paragraph A above.

   D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

   The parties have **no** agreement as to Defendant's Criminal History Category.

   E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

   The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct"

under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. **PARTIES' RECOMMENDATIONS REGARDING CUSTODY**

The parties agree that the Government will recommend that Defendant be sentenced to the statutory maximum, 240 months. The Government will also recommend a lifetime term of supervised release to follow any period of incarceration.

G. **SPECIAL ASSESSMENT/FINE/RESTITUTION**

1. **Special Assessment.**

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction, pursuant to 18 U.S.C. § 3013, to be paid forthwith at time of sentencing. The Government will recommend that Defendant not pay an additional special assessment in the amount of $5,000 as Defendant is deemed to be indigent.

2. **Fine.**

The parties jointly request no fine be imposed.

3. **Restitution**

Defendant agrees that if restitution is ordered by the Court under 18 U.S.C. §2259, the amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the count of conviction. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution.

Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive Defendant, notwithstanding the abatement

Plea Agreement                          11                          Def. Initials _____

of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement.

The restitution described above shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will jointly recommend that as a condition of probation or supervised release, Defendant will notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this plea agreement until the fine or restitution is paid in full.

The parties will also jointly recommend that as a condition of probation or supervised release, Defendant will notify the Collections Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations.

H. SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant agrees that he will not later seek to reduce or terminate early the term of supervised release until he has served at least 2/3 of his term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order up to $100,000. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

**BREACH OF THE PLEA AGREEMENT**

Defendant acknowledges, understands and agrees that if Defendant violates or fails to perform any of Defendant's obligations under this agreement, such violation or failure to perform may constitute a material breach of this agreement.

Defendant acknowledges, understands and agrees further that the following non-exhaustive list of conduct by Defendant unquestionably constitutes a material breach of this plea agreement:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any lawful court order related to this case;
6. Appealing or collaterally attacking the sentence or conviction in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

In the event of Defendant's material breach of this plea agreement, Defendant will not be able to enforce any of its provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled as of the date of this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, Defendant agrees that in the event of Defendant's material breach of this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a material breach by Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and/or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

XIII

## CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV
## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XVI
## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and his counsel did not advise him about what to say in this regard.

RANDY S. GROSSMAN
Acting United States Attorney

7/20/21
DATED

AMANDA L. GRIFFITH
KATHERINE E. A. MCGRATH
Assistant U.S. Attorneys

7/15/21
Date

JOHN COTSIRILOS
Defense Counsel

Plea Agreement                    15                    Def. Initials _____

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.

DATED

ELIJAH ALEXANDER VAZQUEZ
Defendant

I represent that I have thoroughly reviewed this plea agreement with my client in a language he understands. My client understands, ~~agrees~~ and agrees to be bound by the terms and conditions set forth herein. My client has further instructed me to sign the document on his behalf.

Approved By: *TDC*

TIMOTHY D. COUGHLIN
Assistant U.S. Attorney