RANDY S. GROSSMAN
United States Attorney
AMANDA L. GRIFFITH
California Bar No. 243854
Assistant United States Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8970
mandy.griffith@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19CR1904-001-JAH |
|---|---|
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| ELIJAH ALEXANDER VAZQUEZ, | Sentencing Date: April 5, 2022
Time: 10:30 a.m. |
| Defendant. | |

Though Elijah Alexander Vazquez accepted responsibility for his federal crime of distribution of child pornography, he is also someone who engaged in hands-on contact offenses. For the totality of his criminal conduct, Vazquez should be sentenced to 240 months in custody followed by a lifetime of supervised release.

**A.    Offense Conduct**

The Presentence Report (PSR) accurately details the investigation of Vazquez, including his involvement in distribution of child pornography and the sexual assault of a three-year old victim. The United States wants the Court to understand that paragraphs 4-30 of the PSR detail the activities of the co-defendant, and how the investigation into Vazquez evolved. To be clear, Vazquez had nothing to do with the co-defendant's activities in Okinawa, Japan. The remaining paragraphs detail Vazquez's involvement

with the co-defendant and his other child pornography activities, as well as the other acts involving Vazquez. Throughout the investigation, and as detailed in the PSR, Vazquez is sincerely remorseful for his criminal conduct.

### B.     Victim Impact and Restitution

The mother of the three-year old victim will be present at the sentencing hearing. Until this investigation she did not know Vazquez, and had never met him.

There are no claims for restitution in this case.

### C.     Guidelines Calculation

The guidelines calculations are detailed in the plea agreement and will be filed separately in a sentencing summary chart.

### D.     Criminal Forfeiture

Pursuant to the plea agreement, the United States will ask that the Court orally order forfeiture of the materials at the time of sentencing, and include forfeiture in the final judgment.

### E.     Special Assessment

The parties agree that Vazquez should pay the $100 special assessment. However, given his lack of assets and the possible length of his sentence, the United States believes Vazquez is indigent for the purposes of JVTA. As such, the additional special assessment should not be imposed.

### F.     Government's Sentencing Recommendation

Though Vazquez has unquestionably accepted responsibility and he is genuinely remorseful, this Court cannot ignore the totality of his criminal conduct. Vazquez distributed child pornography to others, possessed numerous images and videos, including depictions of prepubescent minors engaged in sexually explicit conduct. His collection also included acts of sadistic and masochistic conduct. He victimized each child in those depictions by possessing and distributing the depictions to other. However, his conduct did not stop there. He and his co-defendant violently sexually assaulted a three-year old child. And Vazquez, by his own statements to the co-defendant four days later and two six

weeks later, was willing to engage in that activity again.  Vazquez also engaged in sexual contact with one other minor, though less depraved, is still disturbing.

The United States believes Vazquez wants to participate in programming to deal with understanding what lead him to this point, but to also deal with the trauma he has suffered as well.  It is hoped that Vazquez will make use of the services while in custody and continue them on supervised release.

This Court is obligation to provide fair and just punishment to Vazquez, and on behalf of his victims.  His remorse, though sincere, does not erase the harm his has inflicted on the most vulnerable victims.  For these reasons, the United States recommends a sentence of  240 months in custody, followed by lifetime supervised release.

Date:  March 28, 20221

Respectfully submitted,
RANDY S. GROSSMAN
United States Attorney

*/s/ Amanda L. Griffith*
Amanda L. Griffith
Assistant U.S. Attorney